**E-FILED**
Thursday, 10 August, 2006  08:21:06 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **JIM S. ROBAR, Administrator of the Estate** ) | |
| **of ALAN S. ROBAR, deceased,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **WEXFORD HEALTH SOURCES, Inc.,** ) | No.    06-3171 |
| **and JOHN B. STILES, PsyD., LOWELL** ) | |
| **BROWN, M.D.  JOEL ECKERT, M.D., and** ) | |
| **MELVIN MARTIN, D.D.S.,** ) | |
| ) | |
| Defendants. ) | Plaintiff Demands Trial By Jury |

## **COMPLAINT**

Plaintiff, Jim S. Robar, Administrator of the Estate of Alan S. Robar deceased, by his attorneys, PETER R. COLADARCI, LTD., complaining of defendants Wexford Health Sources and John B. Stiles, C.Psych., Lowell Brown, M.D. , Joel Eckert, M.D. and Melvin Martin, D.D.S., states:

### JURISDICTION AND VENUE

This action is brought, in part, pursuant to 42 USC §1983 for deprivation of plaintiff's constitutional civil rights; jurisdiction is therefore appropriate under 28 USC §1331 and 1343.

The claims asserted herein arose in the Central District of Illinois, and venue is therefore proper under 28 USC §1391(b).

### COUNT I

1.      From August 24, 2004 until November 28, 2004, and at all material times hereto,

1

Wexford Health Sources, Inc., ("Wexford" hereafter) was engaged in the business, for profit, of providing medical care and treatment at the Western Illinois Correctional Center, Mt. Sterling, Illinois, including diagnosis and treatment of inmate physiological and physical illnesses, including specifically psychotic depression, and had contracted with the Illinois Department of Corrections to perform such services, and as such was therefore acting at all material times hereto under color of State Law.

2.      From August 24, 2004 to November 28, 2004, while an inmate at the Western Illinois Correctional Center plaintiff's decedent Alan S. Robar came under the care of defendant Wexford for certain mental and physical and mental illnesses.

3.      From August 24, 2004 to November 28, 2004, and at all other material times hereto, while plaintiff was under the care custody and control of defendant Wexford, it committed one or more of the following acts of utter indifference and/or conscious disregard:

> (a)    Discontinued necessary and required psychiatric medications for plaintiff's decedent plaintiff was taking when he arrived at Western Illinois Correctional Center, specifically Prozac and Respirdal although it knew he needed such medications;
>
> (b)    Refused and denied plaintiff's decedent certain necessary and required medications, specifically Prozac and Respirdal after it became obvious he needed such medications;
>
> (c)    Gave and offered plaintiff's decedent inadequate and ineffective drugs and medications to treat his psychotic depression although it knew such medications were ineffective and inadequate;
>
> (d)    Refused to place plaintiff's decedent on a suicide watch although it knew he was likely to attempt suicide;
>
> (e)    Failed to follow its own procedures to place plaintiff's decedent on a suicide watch or to initiate administrative

2

proceedings to forcibly medicate plaintiff's decedent;

(f)     Failed to follow National Commission on Correctional Health Care Standards to adequately medicate and monitor plaintiff's decedent;

(g)     Had in effect practices, policies and procedures which were in deliberate disregard of inmates', including plaintiff's decedent, health safety and welfare;

(h)     On November 28, 2006, gave ambulance personnel an inaccurate and misleading account of how plaintiff's decedent came to be in critical condition;

(i)     Employed unqualified and untrained doctors, nurses and other staff although it knew qualified and trained doctors, nurses and other staff were necessary for due medical care for Western Illinois Correctional Center inmates, including plaintiff's decedent;

(j)     Allowed plaintiff's decedent to direct a dentist employed by defendant to remove two of his teeth when such pain was caused by plaintiff's decedent's psychotic depression and not any condition of his teeth;

(k)     Gave plaintiff other inappropriate and harmful treatment;

(l)     Ignored plaintiff's decedent's documented history of bi-polar disorder and symptoms of a major depressive disorder;

(m)     Committed other acts of utter indifference and/or conscious disregard to the health and safety of plaintiff's decedent and other inmates of the Western Illinois Correctional Center.

4.      As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, plaintiff's decedent was deprived of rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, namely, from August 24 2004 to November 28, 2004 plaintiff's decedent's psychotic depression and bi-polar disorder was

3

untreated and he was allowed to deteriorate into an acutely psychotic state wherein he harmed himself by attempting to extract his own teeth with a razor, had his teeth extracted, ate and chewed gravel and stones and on November 28, 2004 slit veins on the inside of his arms and bled to death.

5.     Plaintiff is the duly appointed Administrator of the Estate of Alan S. Robar, deceased, having been so appointed by the Kane County Circuit Court on November 21, 2004.  Ex. A, hereto.

WHEREFORE, plaintiff respectfully requests this court enter judgment in his favor and against  Wexford Health Sources, Inc. for an amount in excess of $100,000, for both compensatory and punitive damages, plus costs and attorneys fees as provided by the Civil Rights Act and other Federal Rules and Statutes.

<u>COUNT II</u>

1.     From August 24, 2004 until November 28, 2004, and at all material times hereto, Wexford Health Sources, Inc., ("Wexford" hereafter) was engaged in the business, for profit, of providing medical care and treatment at the Western Illinois Correctional Center, Mt. Sterling, Illinois, including diagnosis and treatment of inmate physiological and physical illnesses, including specifically psychotic depression, and had contracted with the Illinois Department of Corrections to perform such services there.

2.     From August 24, 2004 to November 28, 2004, while an inmate at the Western Illinois Correctional Center plaintiff's decedent Alan S. Robar came under the care of defendant Wexford by and through its employees and agents, for certain mental and physical and mental illnesses.

3.     From August 24, 2004 to November 28, 2004, and at all other material times hereto,

4

while plaintiff was under the care custody and control of defendant Wexford, it committed one or

more of the following negligent acts or omissions:

    (a)    Discontinued necessary and required psychiatric medications for plaintiff's decedent plaintiff was taking when he arrived at Western Illinois Correctional Center, specifically Prozac and Respirdal although it knew or should have known, he needed such medications;

    (b)    Failed to prescribe plaintiff's decedent certain necessary and required medications, specifically Prozac and Respirdal after they knew or should have known he needed such medications;

    (c)    Gave and offered plaintiff's decedent inadequate and ineffective drugs and medications to treat his psychotic depression although it knew, or should have known, such medications were ineffective and inadequate;

    (d)    Failed to place plaintiff's decedent on a suicide watch although it knew, or should have known, he was likely to attempt suicide;

    (e)    Failed to follow its own procedures to place plaintiff's decedent on a suicide watch or to initiate administrative proceedings to force medicate plaintiff's decedent although it knew or should have known he might try to take his life or harm himself;

    (f)    Failed to follow National Commission on Correctional Health Care Standards to adequately medicate and monitor plaintiff's decedent;

    (g)    Had in effect ineffective and inadequate practices, policies and procedures which jeopardized inmates' health, safety and welfare, including plaintiff's decedent;

    (h)    Gave ambulance personnel an inaccurate and misleading account of how plaintiff's decedent came to be in critical condition;

    (i)    Employed unqualified and untrained doctors, nurses and

other staff although it knew, or should have known, qualified and trained doctors, nurses and other staff were necessary for due medical care for Western Illinois Correctional Center inmates;

(j)     Allowed plaintiff's decedent to direct a dentist employed by defendant to remove two of his teeth when such pain was caused by plaintiff's decedent's psychotic depression and not any physical cause;

(k)     Gave plaintiff other inappropriate and harmful treatment;

(l)     Failed to read plaintiff's decedent's medical chart;

(m)     Ignored plaintiff's documented history of bi-polar disorder and symptoms of major depressive disorder;

(n)     Committed other negligent acts and omissions.

5.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, from August 24 2004 to November 28, 2004 plaintiff's decedent's psychotic depression was untreated and he was allowed to deteriorate into an acutely psychotic state wherein he harmed himself by attempting to extract his own teeth with a razor, had his teeth extracted, ate and chewed gravel and stones and on November 28, 2004 slit veins on the inside of his arms and bled to death.

6.     Plaintiff is the duly appointed Administrator of the Estate of Alan S. Robar, deceased, having been so appointed by the Kane County Circuit Court on November 21, 2004.  Ex. A, hereto.

7.     At the time of his death, plaintiff's decedent was survived by Patricia A. Bergman (mother), Jim S. Robar (brother) and Cyndilu Blank (sister). Ex. B, Small Estate Affidavit.

8.     Plaintiff brings this count pursuant to the Illinois Wrongful Death (740 ILCS 180/0.01 et seq) and Survival (755 ILCS 5/27-6) Acts, seeking damages due the Estate of Alan J.

6

Robar under such statutes.

9.      Pursuant to applicable state statutes, plaintiff' attaches hereto a Report of a Reviewing Health Care Professional and Attorney's affidavit of merit.  Exs C and D.

WHEREFORE, plaintiff respectfully requests this court enter judgment in his favor and against  Wexford Health Sources, Inc. for an amount in excess of $100,000, plus costs.


COUNT III

1.      From August 24, 2004 to November 28, 2004 and at all material times hereto, defendant John Stiles was a duly licensed clinical psychologist, was employed and acting at all material times as agent of defendant Wexford to diagnose and treat inmates' psychological and physical illnesses and injuries at the Western Illinois Correctional Center and was therefore acting under color of state law.

2.      From August 24, 2004 to November 28, 2004 and at all material times hereto, defendant Lowell Brown was a duly licensed medical doctor, was employed and acting at all material times as agent of defendant Wexford to diagnose and treat inmates' psychological and physical illnesses and injuries at the Western Illinois Correctional Center, and further was Medical Director of Western Illinois Correctional Center and was therefore acting under color of state law.

3.      From August 24, 2004 to November 28, 2004 and at all material times hereto, defendant Joel Eckert was a duly licensed medical doctor, was employed and acting at all material times as agent of defendant Wexford to diagnose and treat inmates' psychological and physical illnesses and injuries at the Western Illinois Correctional Center and was therefore acting under

color of state law.

4.    From August 24 to November 28, 2004, and at all material times hereto, defendant Melvin Martin was a duly licensed dentist and was employed and acting at all material times as agent of defendant Wexford to diagnose and treat inmate dental illnesses and injuries at the Western Illinois Correctional Center and was therefore acting under color of state law.

5.    From August 24, 2004 to November 28, 2004 plaintiff's decedent came under the care of defendants Stiles, Brown and Eckert for treatment of psychological and psychiatric illness.

6.    From August 24, 2004 to November 28, 2004, defendants Stiles, Brown and/or Eckert committed one or more of the following acts of conscious indifference and deliberate disregard for the health and safety of plaintiff's decedent:

(a)    Discontinued necessary and required psychiatric medications for plaintiff's decedent plaintiff was taking when he arrived at Western Illinois Correctional Center, specifically Prozac and Respirdal although they knew he needed such medications;

(b)    Refused and denied plaintiff's decedent certain necessary and required medications, specifically Prozac and Respirdal after it became obvious he needed such medications;

(c)    Gave and offered plaintiff's decedent inadequate and ineffective drugs and medications to treat his psychotic depression although they knew such medications were ineffective and inadequate;

(d)    Refused to place plaintiff's decedent on a suicide watch although they knew he was likely to attempt suicide;

(e)    Failed to follow applicable procedures to place plaintiff's decedent on a suicide watch or to initiate administrative proceedings to forcibly medicate plaintiff's decedent;

(f)    Failed to follow National Commission on Correctional

8

Health Care Standards to adequately medicate and monitor plaintiff's decedent;

(g) Endorsed and approved practices, policies and procedures which were in deliberate disregard of inmates', including plaintiff's decedent, health, safety and welfare;

(h) Allowed plaintiff's decedent to direct a dentist employed by defendant to remove two of his teeth when such pain was caused by plaintiff's decedent's psychotic depression and not any physical cause;

(i) Gave plaintiff other inappropriate and harmful treatment;

(j) Failed to read plaintiff's decedent's medical chart;

(k) Ignored plaintiff's decedent's documented medical history of bipolar disorder and symptoms of major depressive disorder;

(l) Although not medically indicated, extracted two of plaintiff's decedent's teeth at his direction;

(m) Committed other acts of utter indifference and/or conscious indifference to the health and safety of plaintiff's decedent and other inmates of the Western Illinois Correctional Center.

7.    As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, plaintiff's decedent was deprived of rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, namely, from August 24 2004 to November 28, 2004 plaintiff's decedent's psychotic depression was untreated and he was allowed to deteriorate into an acutely psychotic state wherein he harmed himself by attempting to extract his own teeth with a razor, had his own teeth extracted, ate and chewed gravel and stones

9

and on November 28, 2004 slit veins on the inside of his arms and bled to death.

8.      Plaintiff is the duly appointed Administrator of the Estate of Alan S. Robar, deceased, having been so appointed by the Kane County Circuit Court on November 21, 2004.  Ex. A, hereto.

WHEREFORE, plaintiff respectfully requests this court enter judgment in her favor and against defendants John Stiles, Psy.D, Lowell Brown, M.D., Joel Eckert, M.D. and Melvin Martin, D.D.S. for an amount in excess of $100,000 for compensatory and punitive damages plus costs and attorneys fees as provided by the Civil Rights Acts and other Federal Statutes.

<u>COUNT IV</u>

1.      From August 24, 2004 to November 28, 2004 and at all material times hereto, defendant John Stiles was a duly licensed clinical psychologist, was employed and acting at all material times as agent of defendant Wexford to diagnose and treat inmates' psychological and physical illnesses and injuries at the Western Illinois Correctional Center.

2.      From August 24, 2004 to November 28, 2004 and at all material times hereto, defendant Lowell Brown was a duly licensed medical doctor, was employed and acting at all material times as agent of defendant Wexford to diagnose and treat inmates' psychological and physical illnesses and injuries at the Western Illinois Correctional Center, and further was Medical Director of Western Illinois Correctional Center.

3.      From August 24, 2004 to November 28, 2004 and at all material times hereto, defendant Joel Eckert was a duly licensed medical doctor, was employed and acting at all material times as agent of defendant Wexford to diagnose and treat inmates' psychological and physical

10

illnesses.

4.      From August 24 to November 28, 2004, and at all material times hereto, defendant

Melvin Martin was a duly licensed dentist and was employed and acting at all material times as

agent of defendant Wexford to diagnose and treat inmate dental illnesses and injuries at the Western

Illinois Correctional Center.


5.      From August 24, 2004 to November 28, 2004 plaintiff's decedent came under the

care of defendants Stiles, Brown and Eckert for treatment of psychological and psychiatric illness,

namely psychotic depression.

6.      From August 24, 2004 to November 28, 2004, defendants Stiles, Brown and/or

Eckert committed one or more of the following negligent acts or omissions:

> (a)    Discontinued necessary and required psychiatric medications for plaintiff's decedent plaintiff was taking when he arrived at Western Illinois Correctional Center, specifically Prozac and Respirdal although they knew or should have known he needed such medications;
>
> (b)    Failed to prescribe plaintiff's decedent certain necessary and required medications, specifically Prozac and Respirdal after they knew or should have known he needed such medications;
>
> (c)    Gave and offered plaintiff's decedent inadequate and ineffective drugs and medications to treat his psychotic depression although they knew or should have known such medications were ineffective and inadequate;
>
> (d)    Failed to place plaintiff's decedent on a suicide watch although they knew or should have known he was likely to attempt suicide;
>
> (e)    Failed to follow applicable procedures to place plaintiff's

11

decedent on a suicide watch or to initiate administrative proceedings to forcibly medicate plaintiff's decedent;

(f)    Failed to follow National Commission on Correctional Health Care Standards to adequately medicate and monitor plaintiff's decedent;

(g)    Endorsed and approved practices, policies and procedures at Western Illinois Correction Center which were in deliberate disregard of inmates', including plaintiff's decedent, health, safety and welfare;

(h)    Allowed plaintiff's decedent to direct a dentist employed by defendant to remove two of his teeth when such pain was caused by plaintiff's decedent's psychotic depression and not any physical cause;

(i)    Gave plaintiff other inappropriate and harmful treatment;

(j)    Committed other negligent acts and omissions of utter indifference and/or conscious indifference to the health and safety of plaintiff's decedent and other inmates of the Western Illinois Correctional Center.

6.    As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, plaintiff's decedent was deprived of rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, namely, from August 24 2004 to November 28, 2004 plaintiff's decedent's psychotic depression was untreated and he was allowed to deteriorate into an acutely psychotic state wherein he harmed himself by attempting to extract his own teeth with a razor, had his teeth extracted, ate and chewed gravel and stones and on November 28, 2004 slit veins on the inside of his arms and bled to death.

7.    Plaintiff is the duly appointed Administrator of the Estate of Alan S. Robar,

12

deceased, having been so appointed by the Kane County Circuit Court on November 21, 2004.  Ex. A, hereto.

8.      At the time of his death, plaintiff's decedent was survived by Patricia A. Bergman (mother), Jim S. Robar (brother) and Cyndilu Blank (sister). Ex. B, Small Estate Affidavit.

9.      Plaintiff brings this count pursuant to the Illinois Wrongful Death (740 ILCS 180/0.01 et set) and Survival (755 ILCS 5/27-6) Acts, seeking damages due the Estate of Alan J. Robar due under such statutes.

10.      Pursuant to applicable state statutes, plaintiff' attaches hereto a Report of a Reviewing Health Care Professional and Attorney's affidavit of merit.  Exs C and D.

WHEREFORE, plaintiff respectfully requests this court enter judgment in her favor and against defendants John Stiles, Psy.D, Lowell Brown, M.D.,  Joel Eckert, M.D. and Melvin Martin, D.D.S., individually and as agents of defendant Wexford Health Services, Inc. jointly and severally, for an amount in excess of $100,000  plus costs and attorneys fees.

s/Peter R. Coladarci_____
Peter R. Coladarci, Esq.

#18435; ARDC #6183024
PETER R. COLADARCI, LTD.
221 N. LaSalle, Suite 2600
Chicago, IL 60601
(312) 541-2626

13