E-FILED
Thursday, 01 February, 2007  09:22:42 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

JIM S. ROBAR, Administrator of the    )
Estate of ALAN S. ROBAR, deceased,    )
                                      )
            Plaintiff,                )
                                      )
        v.                            )    No.  06-3171
                                      )
WEXFORD HEALTH                        )
SOURCES, INC. et al,,                 )
                                      )
            Defendants.               )

<u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Melvin Martin,

D.M.D.'s Motion to Dismiss Count IV of Plaintiff's Second Amended

Complaint (d/e 47), and Defendants Wexford Health Sources, Inc.

(Wexford), John B. Stiles, Psy.D., Lowell Brown, M.D., and Joel Eckert,

Psy.D.'s Motion to Dismiss Counts II and IV of Plaintiff's Amended

Complaint (d/e 34). The Second Amended Complaint (d/e 32) (Complaint)

alleges that Alan S. Robar (Alan) was an inmate at the Western Illinois

Correctional Center in Mt. Sterling, Illinois (Western).  The Complaint

alleges that he suffered from a mental illness, and that he committed suicide

1

because the Defendants failed to treat him properly.  Counts I and III assert

claims for violations of Alan's constitutional rights pursuant to 28 U.S.C.

§ 1983.  Count II of the Second Amended Complaint alleges a state law

claim for wrongful death against Wexford.  Count IV alleges a state law

claim for wrongful death against the other individual Defendants.  The

moving Defendants seek to dismiss these state law claims because they claim

that Plaintiff Jim Robar failed to attach an adequate expert's report with the

Complaint, as required by Illinois law.  735 ILCS 5/2-622.  For the reasons

set forth below, the claims against Drs. Martin, Stiles, and Eckert are

dismissed with leave to replead.  The requests to dismiss the claims against

Wexford and Dr. Brown are denied.

## STATEMENT OF FACTS

For purposes of this Motion, the Court must accept as true all well-

pleaded factual allegations contained in the Complaint and draw all

inferences in the light most favorable to Plaintiff Jim Robar.  Hager v. City

of West Peoria, 84 F.3d 865, 868-69 (7th Cir.1996); Covington Court, Ltd.

v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir.1996).  A complaint

should not be dismissed unless it appears beyond doubt that the Plaintiff

can prove no set of facts that would entitle it to relief.  Doherty v. City of

2

Chicago, 75 F.3d 318, 322 (7th Cir.1996).

The Complaint alleges that Alan was an inmate at Western from August 24, 2004, to November 28, 2004.  Wexford is a for-profit enterprise that provided medical care for inmates at Western, including dental, psychological and psychiatric care.  Drs. Stiles, Brown and Eckert were agents of Wexford at Western providing medical and psychological care for inmates.  Dr. Martin is a licensed dentist.  He was an agent for Wexford at Western providing dental care for inmates.  The Complaint alleges that, as a result of the Defendants' negligence, conscious indifference, and deliberate disregard for Alan's condition, Alan injured himself several times, and ultimately, committed suicide on November 28, 2004.

Plaintiff Jim Robar attached to the Complaint his attorney's Affidavit and a report prepared by Dr. Bernard Rubin, M.D.  Dr. Rubin is a psychiatrist.  Dr. Rubin reviewed the relevant records and recited pertinent portions of Alan's treatment history.  Dr. Rubin's report states that before he arrived at Western, Alan had been incarcerated at Statesville Correctional Center (Statesville).  At Statesville, Alan had been provisionally diagnosed with bi-polar disorder with symptoms of feelings of hopelessness, reduced appetite, insomnia, and a preoccupation with pain in his teeth.  Upon

arriving at Western, Alan's psychiatric medication was discontinued.  Dr.

Rubin states that Alan's complaints of tooth pain and his anxiety increased.

On August 30, 2004, Alan's cell mate reported that Alan chewed on rocks

and tried to cut his gums with a razor.  Dr. Rubin stated that Defendant Dr.

Stiles diagnosed Alan with depression and prescribed anti-depression

medicine.  Dr. Rubin states that Alan increasingly refused to take the

medicine.  Dr. Rubin states that Alan had two teeth pulled, but his

preoccupation with his teeth increased.  According to Dr. Rubin, Alan

became delusional.  He was given medicine to address the delusions until

November 23, 2004.  He refused to take his medication, but no attempts

were made to forcibly medicate him.  On November 28, 2004, Alan killed

himself.

Dr. Rubin opined that Alan was misdiagnosed at Western and given

the wrong treatment which "resulted in an intensification of his illness and

led to his suicide."  Complaint, Attached Attorney's Affidavit, Exhibit A,

Letter of Dr. Bernard Rubin dated September 22, 2005, at 2.  Dr. Rubin

then set forth the reasons for his opinion, which included failure to

recognize warning signs, misdiagnosis, and treatment with incorrect

medications that exacerbated the problems rather than alleviating them.

<u>ANALYSIS</u>

The Defendants move to dismiss on the grounds that Dr. Rubin's report is insufficient to satisfy the requirements of Illinois law.  Illinois law requires plaintiffs in these types of actions to consult with a qualified healthcare professional, knowledgeable in the relevant issues involved in the case before filing a case, and to secure a determination from that expert that the plaintiff has a reasonable and meritorious cause for bringing the action. 735 ILCS 5/2-622.  Further, the plaintiff's attorney must attach to the complaint: (1) an affidavit stating that he complied with this requirement, and (2) the expert's report.  <u>Id.</u>  The parties agree that the requirements of § 2-622 are substantive requirements of Illinois law and so are also required in federal court.  <u>See</u> <u>Sherrod v. Lingle</u>, 223 F.3d 605, 613-14 (7th Cir. 2000) (applying the requirements of § 2-622 in federal court).  The Defendants argue that Dr. Rubin's report is insufficient.

A plaintiff suing multiple defendants can include a single report if the report:

> is sufficiently broad to cover multiple defendants, adequately discusses the deficiencies in the medical care rendered by each, and contains reasons in support of the conclusion that a reasonable and meritorious cause exists for the filing of the action as against each of the defendants.

Mueller v. North Suburban Clinic, Ltd., 299 Ill.App.3d 568, 573, 701 N.E.2d 246, 250 (Ill.App. 1st Dist., 1998). Reports are also not necessary for defendants that are liable on a theory of vicarious liability. Id. The statute, however, requires that the person rendering the opinion must be from the same profession, with the same class of license, as the defendant. 735 ILCS 5/2-622(a)(1).

The Court has reviewed Dr. Rubin's report and concludes that the report sufficiently discusses the alleged deficiencies in Alan's medical and mental care by Wexford and its agent Dr. Brown. Dr. Rubin further sets forth reasons in support of his opinion that a reasonable and meritorious cause exists for the filing of the action as against each of the Defendants. Dr. Rubin opines that these Defendants ignored Alan's provisional diagnosis of bi-polar disease, then misdiagnosed his condition, and treated him in a manner that exacerbated his condition and led to his suicide. Also, no report is necessary for the claims against Wexford based on vicarious liability for the actions of its employees and other agents.

The report also explains the basis for a claim against Drs. Stiles and Eckert; however, Drs. Stiles and Eckert are Ph.D. psychologists, not medical doctors. Dr. Rubin is a medical doctor, and so, is not in the same profession

and does not have the same class of license.  See 225 ILCS 15/-2 & 15/3; 225 ILCS 60/2 (10) & 60-3.  His report, therefore, is not sufficient to meet the requirements of § 2-622 with respect to them.

In this situation, "a sound exercise of discretion mandates that [Plaintiff Jim Robar] be at least afforded an opportunity to amend [his] complaint to comply with section 2-622."  Sherrod, 223 F.3d at 614 (quoting Cammon v. West Suburban Hospital Medical Center, 301 Ill.App.3d 939, 950, 704 N.E.2d 731, 739 (Ill.App. 1st Dist., 1998)).  The Court, therefore, will give Plaintiff Jim Robar additional time to secure a § 2-622 report from a qualified psychologist regarding his claim against Drs. Stiles and Eckert.

Dr. Rubin's report gives no indication that any claim exists with respect to Defendant Dr. Martin.  Dr. Rubin does not discuss Alan's dental care except to note that Alan had two teeth pulled.  Dr. Rubin does not opine that Dr. Martin failed to provide proper dental care and does not opine or explain how Alan's dental care contributed to his suicide. Moreover, Dr. Rubin is not a dentist.  The report, therefore, does not meet the requirements of § 2-622 with respect to Dr. Martin.  Given the indication in Sherrod, quoted above, that, "a sound exercise of discretion

mandates" giving a plaintiff leave to replead, Plaintiff Jim Robar will also be given an opportunity to file amended pleadings that include a § 2-622 report from a qualified dentist.

The Plaintiff Jim Robar argues that an expert determination is not required to determine Dr. Martin's liability.  He argues that "lay jurors could easily comprehend that for a patient with a somatic delusional disorder, focused on phantom pain in his mouth, pulling his teeth was negligent."  <u>Plaintiff's Consolidated Response to Defendants' Motions to Dismiss (d/e 45)</u>, at 4.  The Court disagrees.  Lay jurors could not easily understand the term "somatic delusional disorder."  Lay jurors also could not easily know whether Alan's pain was "phantom pain" or was the result of diseased teeth.  An expert would need to evaluate the record to determine whether there was a dental or medical reason to remove the teeth apart from Alan's mental condition.  Dr. Rubin rendered no opinions on the dental or medical conditions of Alan's teeth or the appropriateness of the decision to remove two of his teeth.  Plaintiff Jim Robar must secure a § 2-622 report from a qualified dentist.

THEREFORE, Defendant Melvin Martin, D.M.D.'s Motion to Dismiss Count IV of Plaintiff's Second Amended Complaint (d/e 47) is

ALLOWED, with leave to amend the Second Amended Complaint by attaching a supplemental affidavit and report from a qualified dentist to meet the requirements of § 2-622.

Defendants Wexford Health Sources, Inc., John B. Stiles, Psy.D., Lowell Brown, M.D., and Joel Eckert, Psy.D.'s Motion to Dismiss Counts II and IV of Plaintiff's Amended Complaint (d/e 34) is ALLOWED in part. The Motion is denied with respect to Defendants Wexford Health Sources, Inc., and Dr. Brown. The Motion is allowed with respect to Defendants Drs. Stiles and Eckert; provided however, that the Plaintiff is given leave to amend the Second Amended Complaint by attaching a supplemental affidavit and report from a qualified psychologist to meet the requirements of § 2-622.

Plaintiff is given until April 30 2007, to file the amended pleadings with supplemental affidavits and reports from a qualified psychologist and dentist. Defendants Wexford Health Sources, Inc., and Lowell Brown, M.D., are not required to file amended answers to the Plaintiff's Second Amended Complaint until May 11, 2007; provided however, that if the Plaintiff files an amended complaint, their obligation to answer the Second Amended Complaint will be moot.

IT IS THEREFORE SO ORDERED.

ENTER:   February 1, 2007.

       FOR THE COURT:

                                                         s/  Jeanne E. Scott
                                                       JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE