E-FILED
Wednesday, 06 June, 2007  03:28:42 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

JIM S. ROBAR, Administrator of )
the Estate of ALAN S. ROBAR, )
deceased, )
            )
        Plaintiff, )
            )
       v. )    No.  06-3171
            )
WEXFORD HEALTH SOURCES, )
INC. et al., )
            )
        Defendants. )

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Melvin Martin, D.M.D.'s Motion to Dismiss Count IV of Plaintiff's Fourth Amended Complaint (d/e 74).  Plaintiff Jim Robar alleges in Count IV that Dr. Martin committed negligent malpractice in the dental care provided to Jim Robar's deceased son Alan Robar.  Plaintiff's Fourth Amended Complaint (d/e 65) (Fourth Amended Complaint), Count IV, ¶¶ 9(h) & (i).  Defendant moves to dismiss Count IV because Jim Robar has failed to attach to the Fourth Amended Complaint an affidavit of counsel and reviewing dentist's report

that complies with Illinois law.  735 ILCS 5/2-622.  For the reasons set forth below, the Motion is ALLOWED.  The Affidavit and Report attached to the Fourth Amended Complaint are not sufficient to support a claim on behalf of the Estate of Alan Robar (Estate)  for injuries resulting from allegedly unnecessary extraction of two teeth by Defendant Martin.  This Court, however, will give Jim Robar one last chance to secure a sufficient report to support the Estate's personal injury claim against Martin.  The wrongful death claim against Martin is dismissed with prejudice.  No allegations show any connection between Martin's treatment and Alan Robar's death.

<u>STATEMENT OF FACTS</u>

The Court set forth Jim Robar's allegations in detail in the Opinion entered February 1, 2007 (d/e 49) (Opinion).  The material allegations in the Fourth Amended Complaint remain substantially unchanged. Jim Robar alleges that his son was mentally ill, that the Defendants acted with deliberate indifference, or in the alternative, negligence in failing to recognize and properly treat his son's condition, and that as a result, his son committed suicide.  <u>Opinion</u>, at 3-4.  In particular, Jim Robar alleges that Martin extracted two of Alan Robar's teeth unnecessarily.  <u>Fourth Amended Complaint</u>, Count IV, ¶¶ 9(h) & (i).

2

The Second Amended Complaint had no affidavit or reviewing dentist's report with respect to Defendant Martin, as required by Illinois law.  Opinion, at 7-8.  The Court, therefore, allowed Martin's Motion to Dismiss the Second Amended Complaint, but gave Jim Robar leave to file an amended complaint with a proper affidavit and report.  Opinion, at 9.

Jim Robar then filed the Fourth Amended Complaint with an Affidavit and Report.  Plaintiff's Fourth Amended Complaint (d/e 65), Exhibit I, Attorney's Affidavit, and Exhibit J, §2-622 Report of Health Care Professional (Report).  The Report states, in part:

> I am a dentist licensed and practicing in the (sic) Illinois. I have reviewed the medical and dental (sic) of Alan S. Robar from the Western Illinois Correctional Center, and I believe that there is a reasonable and meritorious cause for bring (sic) an action for dental negligence against Dr. Melvin Martin, D.D.S. with respect to treat (sic) of Mr. Robar.
>
> Specifically, it is clear from the records, that Mr. Robar's complaints were inconsistent with the findings, thereby suggesting his problems were not dental in nature.  It would have been appropriate to provide some treatment for his complaints, even if not physiologic (sic), and refer him to available health care professionals for evaluation of his condition.  His treatment was a violation of the standard of care.

Report, at 1.  The copy of the Report attached to the Fourth Amended Complaint is unsigned, and the dentist who prepared the Report is not

identified.

## ANALYSIS

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Fourth Amended Complaint and draw all inferences in the light most favorable to Plaintiff Jim Robar. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The Fourth Amended Complaint should not be dismissed unless it appears beyond doubt that Jim Robar can prove no set of facts that would entitle him to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

Illinois law requires plaintiffs in these types of actions to consult with a qualified healthcare professional, knowledgeable in the relevant issues involved in the case, before filing a case and to secure a determination from that expert that the plaintiff has a reasonable and meritorious cause for bringing the action. 735 ILCS 5/2-622(a)(1). Further, the plaintiff's attorney must attach to the complaint: (1) an affidavit stating that he complied with this requirement, and (2) the expert's report. The expert's report must clearly identify the reasons for the reviewing health care

professional's opinion that a reasonable and meritorious cause exists for filing this action.  Id.  The requirements of § 2-622 are substantive requirements of Illinois law and so are also required in federal court.  See Sherrod v. Lingle, 223 F.3d 605, 613-14 (7th Cir. 2000) (applying the requirements of § 2-622 in federal court).

Martin complains that the Report is insufficient because: (1) the expert is not identified, and the Report is unsigned; (2) the Report does not indicate how Alan Robar suffered any injuries at the hand of Martin; and (3) the expert does not explain how Martin's extraction of two teeth had any connection to Alan Robar's subsequent suicide.  Memorandum of Law in Support of Motion to Dismiss Count IV of Plaintiff's Fourth Amended Complaint (d/e 75), at 4.  The first argument is not persuasive.  The Report did not need to identify the expert.  The Report, however, is deficient because the expert does not clearly explain the reasons for his opinion that Jim Robar has a meritorious claim on behalf of the Estate against Martin. Finally, the Report shows no connection between Martin's alleged actions and Alan Robar's death.  Martin is, therefore, entitled to dismissal of the claims against him in Count IV.

Jim Robar could properly omit from the copy of the Report any

information which would identify the reviewing expert. The requirements of § 2-622 are substantive requirements of Illinois law and so are also required in federal court. <u>See</u> <u>Sherrod</u>, 223 F.3d at 613-14 (applying the requirements of § 2-622 in federal court). The events at issue took place in 2004. At that time, Illinois law provided that "information which would identify the reviewing health professional may be deleted from the copy [of the report] so attached [to the complaint]." 735 ILCS 5/2-622(a)(1) <u>Validity Note</u> (2004 ed.). The 1995 amendment to § 2-622 that required identification of the reviewing expert was unconstitutional under the Illinois Constitution. <u>Best v. Taylor Mach. Works</u>, 689 N.E.2d 1057 (Ill. 1997). Hence, the prior law, quoted above, was in effect in 2004.

The statute was amended in 2005 to require disclosure of the identity of the reviewing expert, but that amendment expressly applied prospectively only. P.A. 94-677, § 330, effective August 25, 2005; 735 ILCS 5/2-622(j). Since the cause of action accrued in 2004, the 2005 amendment does not apply. The version of § 2-622 in effect in 2004, when the cause of action accrued, allowed Robar to omit identifying information about the reviewing expert from the copy of the Report attached to the Fourth Amended Complaint.

6

The Report, however, does not sufficiently explain how Martin breached the standard of care.  Martin extracted two teeth from Alan Robar. Fourth Amended Complaint, Count IV, ¶ 9(h).  As quoted above, the expert opined that based on the "records", Alan Robar's "complaints" were inconsistent with the "findings."  The expert nowhere identifies either the records, the nature of Alan's Robar's complaints, or the findings to which he refers.  Thus, the Court and Martin cannot determine the basis for the expert's opinion.  Furthermore, the expert states that "some treatment" would be appropriate, but the expert does not explain what type of treatment would be appropriate, and why the treatment provided by Martin was not appropriate.  The vagueness of these statements render the Report deficient for purposes of § 2-622; the reasons for the expert's opinions are not clearly identified.  The Court, however, will give Jim Robar one more chance to have his expert explain his opinion that a meritorious claim exists that Martin treated Alan Robar negligently in the extraction of two teeth.

The Report also says nothing about Alan Robar's death.  The Fourth Amended Complaint alleges no facts to show that the extraction of two teeth had any connection to Alan Robar's suicide.  Jim Robar, therefore, fails to state a claim for wrongful death against Martin.  His claim against

Martin, on behalf of the Estate, is limited to any pain and suffering or other injuries associated with the allegedly unnecessary extraction of two teeth.

Martin also asks this Court to decline to exercise jurisdiction over Count IV.  Count IV is a state-law claim for negligence.  Count III is a federal claim under 42 U.S.C. § 1983 alleging, <u>inter</u> <u>alia</u>, that Martin violated Alan Robar's constitutional rights by extracting his teeth with deliberate indifference to an actual medical condition.  <u>Fourth Amended Complaint</u>, Count III, ¶¶ 9-10.  Martin does not move to dismiss this claim. The negligence claim in Count IV arises from the same transactions as the claim in Count III.  This Court, therefore, has supplemental jurisdiction over Count IV because the Count is part of the same case or controversy as Count III.  28 U.S.C. § 1367.  The Court sees no basis for declining to exercise jurisdiction at this point.

THEREFORE, Defendant Melvin Martin, D.M.D.'s Motion to Dismiss Count IV of Plaintiff's Fourth Amended Complaint (d/e 74) is ALLOWED.  All claims against Defendant Martin arising from the death of Alan Robar in Count IV of the Fourth Amended Complaint are dismissed. The claims against Defendant Martin in Count IV for injuries to Alan Robar from the allegedly unnecessary extraction of two teeth are  dismissed with

leave to replead with a proper affidavit and report that meets the requirements of § 2-622. Plaintiff Jim Robar is directed to file the amended complaint by July 6, 2007. The Defendants are directed to answer the amended complaint by July 31, 2007.

IT IS THEREFORE SO ORDERED.

ENTER:   June 6, 2007.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE