IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JIM S. ROBAR, Administrator of the Estate of ALAN S. ROBAR, deceased, <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD HEALTH SOURCES, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) No. 06-3171 ) ) ) ) ) ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes to the Court on Defendant Melvin Martin, D.M.D.'s Motion for Summary Judgment (d/e 109). Alan Robar was mentally ill and an inmate in the custody of the Illinois Department of Corrections (IDOC). The Fifth Amended Complaint (d/e 79) alleges that Defendant Martin extracted two of Alan Robar's teeth when he complained about pain in his teeth, but the extractions were not medically necessary because Alan Robar's pain was caused by Alan Robar's mental illness and not any physical cause. Jim Robar alleges that Martin performed these unnecessary extractions with deliberate indifference to Alan Robar's mental

1

and physical condition in violation of his rights against cruel and unusual punishment. Martin now moves for summary judgment. For the reasons set forth below, the Motion is allowed.

## STATEMENT OF FACTS

Alan Robar's dental records indicated that a dentist at the IDOC Receiving and Classification facility noted that Alan Robar needed at least one extraction, an upper left molar identified as Tooth No. 14. On August 27, 2004, another IDOC dentist, Dr. Grammar, noted that an upper left molar needed to be extracted. <u>Motion for Summary Judgment (d/e 109)</u>, Statement of Undisputed Facts (Martin SUF), ¶19; <u>Plaintiff's Response to Defendant Martin's Motion for Summary Judgment (d/e 113) (Robar Response)</u>, Statement of Undisputed Facts, ¶ 6.[1]

Dr. Martin first saw Alan Robar on August 30, 2004. Martin examined Alan Robar's teeth. Alan Robar's upper right molar, identified as Tooth No. 3, had very deep decay. Dr. Martin extracted Tooth No. 3 at that time. Dr. Martin made an independent evaluation of Tooth No. 3 before extracting it. <u>Martin's SUF</u>, ¶¶19-23.

---

[1] The undisputed facts referenced in this Opinion have been admitted as undisputed by both parties.

On September 23, 2004, Dr. John Stiles, a psychologist, saw Alan Robar and made an outpatient note. The note indicated that Alan Robar stated that something had been done to his teeth in the past that continued to bother him which did not seem to be supported by the reports or x-rays of the dental department. According to Dr. Stiles, Alan Robar was talking more and more about his teeth; this was a big issue to Alan Robar, but there did not seem to be any physiological reports to support this. Motion for Summary Judgment, Exhibit B, Deposition of John Stiles, at 52-53.

Also on September 23, 2004, Dr. Martin saw Alan Robar. At that time, Alan Robar complained that Tooth No. 14 was broken. Dr. Martin observed that there was a broken tooth in that area; in fact, nothing was left of Tooth No. 14 but the roots. This was consistent with the notation in Alan Robar's records that Tooth No. 14 needed to be extracted. Dr. Martin scheduled the extraction of Tooth No. 14. Dr. Martin extracted the roots of Tooth No. 14 on September 27, 2004. Dr. Martin confirmed that there was objective clinical evidence to support a patient's complaints of pain before recommending or performing a dental procedure. The September 27, 2004, appointment was Alan Robar's last visit with Dr. Martin. Martin's SUF, ¶¶ 2-3, 24-30.

ANALYSIS

At summary judgment, Dr. Martin must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to Jim Robar. Any doubt as to the existence of a genuine issue for trial must be resolved against Dr. Martin. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once Dr. Martin has met his burden, Jim Robar must present evidence to show that issues of fact remain with respect to an issue essential to his case, and on which he will bear the burden of proof at trial. Celotex, 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In order to overcome summary judgment, Jim Robar must present evidence that Dr. Martin acted with deliberate indifference to a serious medical or dental need of Alan Robar. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A serious medical need is one that, if left untreated, could result in significant injury or unnecessary pain. Id., at 1373.

In this case, the undisputed evidence establishes that Dr. Martin extracted two teeth that needed to be removed. Tooth No. 3 showed signs

of very deep decay, and Dr. Martin extracted it on August 30, 2004. At the September 23, 2004, visit, Tooth No. 14 was broken off, with only the roots remaining. Dr. Martin removed the roots of that tooth on September 27, 2004. Contrary to the allegations in the Fifth Amended Complaint, Dr. Martin did not conduct any unnecessary extractions.

Jim Robar argues that the evidence shows that Dr. Martin improperly performed these two extractions to treat Alan Robar's delusions. Jim Robar cites Dr. Stiles' findings that Alan Robar's complaints of dental pain were not supported by physiological findings. Dr. Stiles is a psychologist, not an M.D., and so is not qualified to opine about physiological findings. Beyond this, Jim Robar admits: (1) Tooth No. 3 had very deep decay on August 30, 2004, when Dr. Martin extracted it; (2) Dr. Martin made an independent evaluation of Tooth No. 3 before extracting it; (3) Tooth No. 14 was broken off with only the roots left; (4) two other dentists previously recommended removing Tooth No. 14; and (5) Dr. Martin confirmed that there was objective clinical evidence of pain before he recommended or performed a dental procedure. Martin SUF, ¶¶ 2, 3, 19, 22, 23, 26, 27; Robar Response, at 2, admitting these facts. These undisputed facts, conceded by Jim Robar, establish that Dr. Martin performed these two extractions to treat Alan

5

Robar's dental condition, not his mental condition. Further, these undisputed facts establish that the extractions were proper.

Jim Robar also argues that Dr. Martin should have pulled Tooth No. 14 first, before Tooth No. 3. Jim Robar presents no evidence to suggest that Dr. Martin's decision regarding the order of the two extractions constituted deliberate indifference. The undisputed evidence shows that both extractions were proper. Less than a month passed between the two extractions. Dr. Martin is entitled to summary judgment.

Both parties ask for sanctions under Rule 11. Request for sanctions, however, must be filed in a separate motion. Fed. R. Civ. P. 11(c)(2). Further, the motion for sanctions must be served at least 21 days before it is filed. Id. Neither party complied with these requirements. The requests for sanctions, therefore, are not properly before the Court.

THEREFORE, Defendant Melvin Martin, D.M.D.'s Motion for Summary Judgment (d/e 109) is ALLOWED. Summary judgment is entered in favor of Defendant Melvin Martin, D.M.D., and against Plaintiff Jim Robar, Administrator of the Estate of Alan Robar, deceased.

IT IS THEREFORE SO ORDERED.

ENTER:   September 11, 2008

    FOR THE COURT:

                                                             s/ Jeanne E. Scott
                                                JEANNE E. SCOTT
                               UNITED STATES DISTRICT JUDGE